IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 12 CR 573 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| JUAN CARLOS CARMONA | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

A two-count indictment charged Juan Carlos Carmona with improperly accessing the Federal Bureau of Investigation's computerized criminal records system and then lying to the FBI about whether he knew the individual whose information he accessed using the FBI's database. (Dkt. No. 1.) A jury found that Carmona made a materially false statement to the Federal Bureau of Investigation in violation of 18 U.S.C. § 1001(a)(2) but had not improperly accessed the FBI's database. (Dkt. No. 70.) Carmona now seeks judgment of acquittal based on the strength of his testimony and the nature of the questions the FBI asked him. (Dkt. No. 74 at 2.) Alternatively, Carmona seeks a new trial, presumably on the same grounds. For the reasons stated herein, this Court denies Carmona's motions.

A motion for judgment of acquittal challenges the sufficiency of the evidence against a defendant. Fed. R. Crim. P. 29. "A defendant who makes an insufficient evidence claim 'faces a nearly insurmountable hurdle.' " *United States v. Tucker*, 737 F.3d 1090, 1092 (7th Cir. 2013) (citing *United States v. Morris*, 576 F.3d 661, 666 (7th Cir. 2009) (quoting *United States v. Pulido*, 69 F.3d 192, 205 (7th Cir. 1995))). When considering a motion for judgment of acquittal, a court must view all facts in the light most favorable to the government and ask "whether the

record contained sufficient evidence from which the jury could reasonably find the defendant guilty beyond a reasonable doubt." *United States v. Swan*, 486 F.3d 260, 266 (7th Cir. 2007).

Here, the evidence was sufficient to support the jury's verdict. To prove that Carmona made a materially false statement, the Government had to show that: (1) Carmona made a statement; (2) the statement was false; (3) the statement was material; (4) Carmona made the statement knowingly and willfully; and (5) the statement concerned a matter within the jurisdiction of a federal department or agency. *See United States v. Moore*, 446 F.3d 671, 677 (7th Cir. 2006) (identifying five elements of a "false statements" charge under § 1001(a)(2)). The Government presented evidence that Miguel Ocon went to Carmona in mid-March 2008 and asked him to check to see if there were any warrants for Ocon's arrest. One day earlier, Ocon fled the scene of a drug bust and was concerned that law enforcement authorities were looking for him. Although Ocon testified that he explained everything to Carmona, Carmona testified that Ocon only asked him to see if Ocon had a suspended or revoked license. Given that the jury did not convict Carmona of improperly accessing the FBI's database, the jury must have credited Carmona's testimony concerning his reasons for accessing the FBI's database.

But the same is not true for Carmona's explanation as to whether he knew Ocon in 2008 and whether the FBI's questions regarding Ocon were confusing. Ocon explained that he first met Carmona in 1995, which Carmona disputed. According to Carmona, someone formally introduced him to Ocon in August 2007. Following his arrest in late-March 2008, Ocon began cooperating with law enforcement authorities. As part of their investigation, agents from the Drug Enforcement Agency ran Ocon's name and license plates in the National Crime Information Center ("NCIC") system, which is the FBI's computerized criminal records system. The DEA agents saw that someone from the Cook County Sheriff's Office had recently checked

Ocon's information through the Law Enforcement Agencies Data System ("LEADS"), which interfaces with the NCIC system. A meeting between the DEA agents and the Cook County Sheriff's Police revealed that Carmona, a Cook County Sheriff's Police Officer, ran Ocon's information.

FBI agents subsequently interviewed Carmona regarding his use of LEADS. During this interview, FBI agents asked Carmona about his employment history and his use of LEADS. The FBI agents then showed Carmona a series of photographs that identified the photographed individual by name and asked him whether he knew that individual and whether he had ever investigated that individual. An FBI agent testified that he asked these questions separately; that is, Carmona told the agent that he did not know the individual in the picture before the agent asked whether Carmona ever investigated the individual in the picture. Carmona testified that the agents asked him compound questions; for instance, do you know the individual and have you ever investigated him? Given that the jury convicted Carmona of lying to the FBI, the jury clearly credited the evidence presented by the Government on this issue over that presented by Carmona.

This Court will not question the jury's determination as to the credibility of the witnesses who testified. *See United States v. Jarrett*, 447 F.3d 520, 530 (7th Cir. 2006) ("But a trial judge does not sit as a 13th juror to evaluate the credibility of a witness . . ."). The record, particularly when viewed in the light most favorable to the government, contains sufficient evidence that Carmona made a false, material statement to the FBI. It is undisputed that Carmona knew Ocon yet denied as much when asked by FBI agents. Although Carmona argued that he answered negatively in good faith based on the form of the questions asked, testimony from an FBI agent supports the jury's rejection of this argument. Testimony from DEA and FBI agents that they

suspected that Carmona might have improperly accessed LEADS with respect to Ocon establishes that the false statement was material. Testimony from Ocon concerning his alleged history of purchasing drugs from Carmona, three recorded telephone conversations between Ocon and Carmona, and Carmona's admission that he knew FBI agents were asking him questions regarding LEADS support the jury's finding that Carmona made the false statement knowingly and willfully. For these reasons, this Court denies Carmona's motion for judgment of acquittal.

This Court also denies Carmona's motion for a new trial. It is unclear whether Carmona bases his motion for a new trial on any grounds other than those raised with respect to his motion for judgment of acquittal. He certainly does not identify any separate grounds in his motion, which presents his motions in a cursory and unelaborated fashion. *See United States v. Turcotte*, 405 F.3d 515, 536 (7th Cir. 2005) (warning that unsupported and undeveloped arguments may result in dismissal outright). This Court may grant a new trial when the interests of justice so require. Fed. R. Crim. P. 33(a). In this regard, a verdict that is so contrary to the weight of the evidence requires a new trial. *United States v. Chambers*, 642 F.3d 588, 592 (7th Cir. 2011). Here, as discussed above, the evidence supported the jury's verdict. Therefore, this Court denies Carmona's motion for a new trial.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: April 16, 2014